UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN CROWLEY,<br><br>         Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, BY AND THROUGH THE SECRETARY OF STATE; et al.,<br><br>         Defendants. | 3:08-cv-0618-LRH-VPC<br><br>ORDER |

Before the court are defendants motions for summary judgment (Doc. ##30, 33[1]) and plaintiff Martin Crowley's ("Crowley") cross-motion for summary judgment (Doc. #31).

**I.  Facts and Background**

In 2006, Crowley was a candidate for judicial office in Churchill County, Nevada. Crowley lost the election by 26 votes and requested a recount. The recount was held on November 21, 2006. Crowley was present at the recount and alleges that there were multiple violations of the Help America Vote Act ("HAVA"). In particular, Crowley alleges that the Voter Verified Paper Audit Trail ("VVPAT"), which is printed from the voting machines, was not used as the paper audit during the recount as required by HAVA.

On November 21, 2008, Crowley filed suit against the Clerk of Churchill County, Nevada

---

[1] Refers to the court's docket number.

("Churchill County") and the State of Nevada by and through Dean Heller, the Nevada Secretary of State ("Secretary Heller"), alleging six causes of action: (1) declaratory judgment that the recount violated HAVA; (2) Section 1983 claim for violations of federal voting rights; (3) Section 1983 claim for violation of Due Process; (4) declaratory judgment that an independent overseer be appointed for any future election; (5) First Amendment violation; and (6) declaratory judgment that the Secretary of State for the State of Nevada did not comply with the HAVA certification procedures in 2006. Doc. #1.

On April 9, 2009, defendants filed a motion to dismiss. Doc. #9. On February 3, 2010, the court granted in-part and denied in-part defendants' motion and dismissed claims one, four, and six for declaratory relief. Doc. #25. Thereafter, the parties filed the present motions for summary judgment on the remaining causes of action: claim 2 for a violation of HAVA; claim 3 for a Due Process violation; and claim 5 for a First Amendment violation. *See* Doc. ##30, 31, 33.

**II. Legal Standard**

**A. Summary Judgment**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party

must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

Where, as here, parties filed cross-motions for summary judgment on the same claims before the court, the court must consider each party's motion separately and on its own merits. *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted). Accordingly, "the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and opposition to both motions, before ruling on each of them." *Id.* at 1134.

**B. 42 U.S.C. § 1983**

To prevail on a claim brought under to 42 U.S.C. § 1983, a plaintiff must allege that the defendant: (1) while acting under color of any statute, ordinance, regulation, custom or usage of any State or territory; (2) subjects, or causes to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws of the United States. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

### III. Discussion

#### A. Help America Vote Act

The Help American Vote Act provides in pertinent part that any state voting system "shall produce a permanent paper record, each individual paper record of which shall be made available for inspection and verification by the voter at the time the vote is cast, and preserved within the polling place . . . for later use in any manual audit." HAVA § 301(a)(2)(B). Further, Nevada law requires that, after an election, "if a recount is demanded pursuant to the provisions of NRS 293.403 . . . the county or city clerk shall ensure that each mechanical recording device which directly recorded votes electronically . . . provides a record printed on paper of each ballot voted on that device." NRS 293B.400.

Crowley argues that he is entitled to summary judgment on his HAVA claim because it is uncontested that defendants did not use the VVPAT as the auditable paper record in his requested recount in violation of HAVA. However, the court finds that these statutes do not require the use of the VVPAT during a recount. There is no language in either HAVA § 301 or NRS 293B.400 that mandates the use of the VVPAT in a recount. In referencing the VVPAT, HAVA only requires that it be available for each voter's inspection if requested. *See* HAVA § 301(a)(2)(B). Further, the Nevada statutes make no reference to the VVPAT and only require that a permanent paper record be used in a recount. *See* NRS 293B.400. Therefore, the court finds that defendants are entitled to summary judgment that they did not violate HAVA or NRS 293B by using a manual paper audit different from the VVPAT during Crowley's requested recount.

#### B. Substantive Due Process

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. In

4

his complaint, Crowley alleges that defendants, acting under color of state law, deprived him of his substantive Due Process rights because Churchill County allegedly destroyed absentee ballots sent in for the election during the recount without allowing any opportunity for Crowley to review or challenge those ballots. Such destruction, he claims, is a violation of his Due Process rights.

The court finds that Crowley's allegations of a substantive Due Process violation are without evidentiary support. There is no evidence before the court that any absentee ballots were destroyed during the recount process or that any votes were not counted. Crowley has failed to provide any evidence indicating that defendants destroyed absentee ballots or did not follow proper recount procedures. Accordingly, the court shall grant defendants' motions for summary judgment as to this cause of action.

**C.  First Amendment**

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. Const. Amend. I.  Freedom of association encompasses the right to vote. *See Kusper v. Pontikes*, 414 U.S. 51, 56-57 (1973).

Crowley alleges that defendants deprived him of his First Amendment right to vote because they could not ensure, through their improper recount procedures, that his vote was actually counted. Specifically, Crowley claims that his rights were violated because (1) the ballots were printed without public oversight, and (2) neither Crowley, nor Crowley's recount witnesses, were permitted to join in the recount or oversee the recount observation group.

The court finds that Crowley has failed to establish a cognizable First Amendment claim because there is no evidence that Crowley's vote was not counted in the election. The evidence before the court established that defendants complied with HAVA and the Nevada election statutes in Crowley's requested recount and therefore, defendants acted properly in carrying out Crowley's

1 requested recount. There is no evidence before the court that Crowley's vote was not counted or
2 that his First Amendment right to vote was violated.
3 Further, Crowley has failed to establish any link between the preclusion of his recount
4 witnesses or the creation of the election ballots and his First Amendment claim that his vote was
5 not counted in the election. Accordingly, the court shall grant defendants' motions for summary
6 judgment.

8 IT IS THEREFORE ORDERED that defendants' motions for summary judgment
9 (Doc. ##30, 33) are GRANTED.
10 IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (Doc. #31) is
11 DENIED.
12 IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.
13 
14 IT IS SO ORDERED.
15 DATED this 19th day of November, 2010.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE